UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JANE DOE et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. CIV-23-495-G |
| | ) |
| **STATE OF OKLAHOMA** *ex rel.* | ) |
| **BOARD OF REGENTS OF THE** | ) |
| **UNIVERSITY OF OKLAHOMA et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

# ORDER

Now before the Court is Plaintiffs' Motion for Leave to Proceed Under Pseudonyms (Doc. No. 6). In filing the Amended Complaint (Doc. No. 5), Plaintiffs identified themselves as "Jane Doe" and "Jane Roe" and identified one of the two defendants as "John Doe." Plaintiffs now seek leave to proceed with the use of these pseudonyms in this action. *See* Pls.' Mot. at 1-3.

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). "The Federal Rules of Civil Procedure make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *U.S. ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017) (internal quotation marks omitted). And Federal Rule of Civil Procedure 17(a) mandates that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a); *see also* Fed. R. Civ. P. 10(a) (requiring that the names of all parties appear in the title of the complaint).

Though there is "no explicit congressional grant of a right of a party to proceed anonymously," the Tenth Circuit has nevertheless recognized that there is "a public benefit in allowing some litigants to proceed anonymously" and that there are certain "exceptional circumstances" in which "the need for anonymity outweighs the presumption in favor of open court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (internal quotation marks omitted). Exceptional circumstances warranting anonymity may exist in "'cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

This matter involves claims related to the alleged sexual harassment and misconduct of Defendant John Doe, an employee of the University of Oklahoma ("University"), and the University's response to that harassment and misconduct. In their Motion, Plaintiffs contend that their pleading "incorporates and states deeply personal, intimate, and embarrassing details of certain acts which implicate the privacy interests of both Plaintiffs and Defendant John Doe, the accused discriminator." Pls.' Mot. at 3. Plaintiffs also cite an ongoing and "confidential Title IX proceeding, involving all Parties to this suit," and Jane Doe's and Jane Roe's "respective risks of reputational and mental and emotional harm from public exposure" as bases for their request. *See id.* at 3, 6.

These concerns do not demonstrate the "exceptional circumstances" and "need for anonymity" that "outweigh[] the public interest in favor of openness" and in transparent

2

judicial proceedings. *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 410-11 (10th Cir. 2005); *cf. Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (noting that the use of fictitious names by plaintiffs "has not been permitted when only the plaintiff's economic or professional concerns are involved"). Plaintiffs are adults, not minors, and have not alleged a threat of physical danger or established that this action involves the type of extreme injury contemplated as warranting the anonymity of litigants. *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (denying a victim of sexual assault leave to proceed under a pseudonym and citing multiple cases where "courts faced with a request by a victim of sexual assault seeking to pursue a civil action for monetary damages under a pseudonym have concluded that the plaintiff was not permitted to proceed anonymously"); *see also M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998) ("Most of the cases permitting the [use of pseudonyms] have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." (internal quotation marks omitted)). "The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity." *Raiser*, 127 F. App'x at 411.

While the remaining defendant, State of Oklahoma *ex rel.* Board of Regents of the University of Oklahoma, is a state agency, "[t]he simple fact that [a] plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Finally, there are procedures available, such as the issuance of protective orders, to ameliorate the risk of embarrassment or other harm to the parties from disclosure of any sensitive information involved in this case.

3

For all these reasons, the Court finds that Plaintiffs' interest in proceeding anonymously does not outweigh "the presumption in favor of open court proceedings." *Raiser*, 182 F. App'x at 811 (internal quotation marks omitted).

CONCLUSION

Accordingly, the Court DENIES Plaintiffs' Motion for Leave to Proceed Under Pseudonyms (Doc. No. 6). If Plaintiffs choose to pursue the prosecution of this lawsuit, Plaintiffs shall file a second amended complaint that fully complies with Federal Rules of Civil Procedure 10(a) and 17(a) within seven (7) days of the date of this order. The only change in the second amended complaint from the Amended Complaint shall be the substitution of the relevant parties' names.

Further, having considered Plaintiffs' Response (Doc. No. 12) to the Court's Order to Show Cause (Doc. No. 8), the Court concludes that good cause has been shown as to the failure of service and that an extension of time is warranted.

IT IS THEREFORE ORDERED that pursuant to Federal Rule of Civil Procedure 4(m), service of summons and the relevant pleading must be made no later than October 27, 2023. Unless service is waived, Plaintiff must ensure that a proof of service is filed for each defendant on or before October 27, 2023. *See* Fed. R. Civ. P. 4(c), (d), (*l*), (m). The failure to file timely proofs of service as to any defendant may result in the dismissal of the claims against that defendant. *See id.* R. 4(m).

IT IS SO ORDERED this 28th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge